**Specialist Four David F. JAMESON, SSN 004–66–3826, United States Army, Petitioner,**

v.

**Lieutenant Colonel Larry J. STROM, Military Trial Judge, and The United States, Respondent.**

**Miscellaneous Docket No. 1983/5.**

U.S. Army Court of Military Review.

17 Jan. 1984.

Captain Kenneth G. Gale, JAGC, argued the cause for the petitioner. With him on the brief were Lieutenant Colonel William P. Heaston, JAGC, and Captain Harry L. Williams, JAGC. The petition was filed by trial defense counsel, Captain Robert A. Small, JAGC.

Captain Howard G. Cooley, JAGC, argued the cause for the respondent. With him on the brief were Lieutenant Colonel John T. Edwards, JAGC, and Major Joseph A. Rehyansky, JAGC.

Before WOLD, NAUGHTON and COHEN, Appellate Military Judges.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

PER CURIAM:

Petitioner is charged with sodomy and indecent acts with his six-year-old stepchild over a two-year period in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925 and 934 (1976). On 5 December 1983 this Court received a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus requesting this Court to direct the trial judge to disqualify the trial counsel because of alleged misconduct manifesting impermissible bias against appellant. *See* Manual for Courts-Martial, United States, 1969 (Revised edition), para. 44*b*. On 20 October 1983 petitioner had made a similar motion before the trial judge who directed the petitioner, in the first instance, to submit his request to the convening authority. On 3 November 1983 petitioner requested the convening authority to appoint a new trial counsel. The convening authority denied the request. The petitioner again moved the trial judge to disqualify the trial counsel. On 16 November 1983 this motion was denied. Almost three weeks later and only one day before trial, petitioner filed his petition for extraordinary relief with this Court. On 6 December 1983, relying upon the representations contained in the petition, this Court stayed further proceedings in the case and ordered the respondent to show cause why the relief sought should not be granted. After receiving extensive briefs from both parties, we heard oral argument on this matter on 13 January 1984.

Based upon the transcript of the trial proceedings which was submitted by counsel for respondent in conjunction with his brief, and based upon a more thorough presentation of the facts in this case, we find that the facts relied upon by petitioner have not been established. We further hold that this case does not present circumstances in which extraordinary relief is justified; appellate review before final judgment is simply not appropriate here. However, this case does illustrate the need for counsel to be mindful of the rules concerning petitions for extraordinary relief.

Initial action on a petition for extraordinary relief is usually based solely upon the representations contained in the petition. Since time is typically of the essence, counsel who prepare and submit such a petition have a special responsibility to insure not only that the petition is timely but that it is complete and objective. All relevant facts and circumstances concerning the subject of the petition and the history of the case must be fairly set forth regardless of whose position they may support. This directive is embodied in Rule 21(a) of this Court's Rules of Practice and Procedure which states that each petition must contain both the previous history of the case and "a concise statement of the facts necessary to understand the issues presented." Only after this rule is satisfied is counsel for the petitioner free to resume the partisan role of an advocate in framing the arguments best calculated to serve the interests of his client.

Our order dated 6 December 1983 staying further proceedings in petitioner's case is vacated and the petition for extraordinary relief is denied.